1  Thomas F. Feerick, Esq. (SBN176412)
   **FEERICK & ASSOCIATES**
2  519 Encinitas Boulevard, Suite 104
   Encinitas, California 92024
3  Telephone:  (760) 632-4850
   Facsimile:  (760) 632-4853
4

5  Attorney for Defendant
   KDME, INC.
6

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

| 11 | BEN GILES, | CASE NO.: 08-CV-00439-L-RBB |
|---|---|---|
| 12 | Plaintiff, | **DEFENDANT KDME, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR PERSONAL INJURIES PURSUANT TO GENERAL MARITIME LAW** |
| 13 | v. | |
| 14 | JUSTIN PAUL THOMPSON, WATER TOYS, INC., ISLAND BOAT RENTALS, KDME, INC., and DOES I through L, inclusive, | |
| 15 | | |
| 16 | Defendants.. | |

17

18  **KDME, INC.,** (hereafter "KDME") hereby responds to Plaintiff's Unverified Complaint, admits,

19  denies, and alleges as follows:

20                         **JURISDICTION AND VENUE**

21      Answering plaintiff's opening paragraph, Paragraph 1, Page 1, KDME admits that this matter

22  arises under Maritime jurisdiction.  To the extent further admissions or denials would be required,

23  KDME denies each and every allegation contained therein.

24      Answering Paragraph 2, Page 1, KDME lacks sufficient information to admit or deny the

25  residence status of the Plaintiff.

26      Answering Paragraph 3, Page 1, KDME admits that they are a corporation transacting business

27  within the Southern District, State of California.  To the extent further admissions or denials would

28  be required, KDME denies each and every allegation contained therein.

## GENERAL ALLEGATIONS

Answering Paragraph 5, Page 2, KDME denies every allegation contained in this paragraph.

## NEGLIGENCE ALLEGATIONS UNDER GENERAL MARITIME LAW

Answering Paragraph 6, Page 2, KDME admits that defendant JUSTIN PAUL THOMPSON was the operator of a Yamaha Wave Rider with California License number CF9386NY, hull identification number YAML6328B595, hereafter referred to as "Wave Rider." KDME denies all other allegations contained in this paragraph.

Answering Paragraph 7, Page 2, KDME denies that they owned, leased, rented, repaired or otherwise controlled the Wave Rider. KDME admits that the Wave Rider was operated upon a navigable waterway. KDME denies that the conduct of defendant JUSTIN PAUL THOMPSON falls within the confines of General Maritime law because the conduct is not related to traditional maritime activities.

Answering Paragraph 8, Pages 2-3, KDME admits these allegations.

Answering Paragraph 9, Page 3, KDME denies the allegations contained in this paragraph.

Answering Paragraph 10, Page 3, KDME denies the allegations contained in this paragraph.

Answering Paragraph 11, Page 3, KDME denies the allegations contained in this paragraph.

Answering Paragraph 12, Page 3, KDME denies the allegations contained in this paragraph.

Answering Paragraph 13, Page 3, KDME denies the allegations contained in this paragraph.

Answering Paragraph 14, Page 3, KDME denies the allegations contained in this paragraph.

Answering Paragraph 15, Page 3, KDME denies the allegations contained in this paragraph.

## FIRST AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT

As and for a first, separate and affirmative defense to the Complaint and each of its purported causes of action, KDME alleges plaintiff did not exercise ordinary care, caution, or prudence for his welfare to avoid the happening of the alleged incidents, injuries or damages, if any, and by his own failure to do so, thereby directly and proximately caused and/or contributed to the happening of said alleged injuries, losses and damages, if any. If KDME is liable to plaintiff for damages herein, which KDME

denies, plaintiff's damages must be reduced by the amount attributable to plaintiff's comparative or relative fault herein.

### SECOND AFFIRMATIVE DEFENSE TO THE AMENDED COMPLAINT

As and for a second, separate and affirmative defense to the Complaint and each of its purported causes of action, KDME alleges that if plaintiff sustained any injuries or damages, which KDME denies, then those injuries or damages are the result of other causes than those alleged in plaintiff's Complaint, thereby barring plaintiff's right to recover against KDME. If there is any verdict in favor of plaintiff against KDME, then KDME is entitled to indemnity from other persons or entities.

### THIRD AFFIRMATIVE DEFENSE TO THE AMENDED COMPLAINT

As and for a third, separate and affirmative defense to the Complaint and each of its purported causes of action, KDME alleges plaintiff's Complaint and each purported cause of action therein fails to state facts sufficient to constitute a cause of action against KDME.

### FOURTH AFFIRMATIVE DEFENSE TO THE AMENDED COMPLAINT

As and for a fourth, separate and affirmative defense to the Complaint and each of its purported causes of action, KDME alleges plaintiff, his agents and doctors failed to reasonably and seasonably exercise care and diligence to avoid loss and to minimize damages and, therefore, plaintiff may not recover for the losses, if any, which could have been prevented. Therefore, plaintiff's recovery, if any, should be reduced by plaintiff's failure to mitigate damages.

### FIFTH AFFIRMATIVE DEFENSE TO THE AMENDED COMPLAINT

As and for a fifth, separate and affirmative defense to the Complaint and each of its purported causes of action, KDME alleges the damages allegedly sustained by plaintiff were not caused by any act or omission to act on the part of KDME or its' employees or representatives.

### SIXTH AFFIRMATIVE DEFENSE TO THE AMENDED COMPLAINT

As and for a sixth, separate and affirmative defense to the Complaint and each of its purported causes of action, KDME is informed and believes and thereon alleges it is not legally responsible in any fashion with respect to damages and injuries claimed by plaintiff in the Complaint; however, if defendant is subject to any liability to plaintiff, it will be due in whole or in part to the breach of

warranty, acts, omissions, activities, carelessness, recklessness and negligence of others; wherefore, any recovery obtained by plaintiff against KDME should be reduced in proportion to the respective negligence and fault and legal responsibility of all other parties, persons and entities, their agents, servants and employees who contributed to and/or caused any such injury and/or damages, in accordance with the law of comparative liability; the liability of KDME, if any, is limited in direct proportion to the percentage of fault actually attributed to KDME.

### SEVENTH AFFIRMATIVE DEFENSE TO THE AMENDED COMPLAINT

As and for a seventh, separate and affirmative defense to the Complaint and each of its purported causes of action, KDME alleges, without admitting any duty owed to plaintiff, that at all relevant times, KDME exercised due diligence and reasonable care.

### EIGHT AFFIRMATIVE DEFENSE TO THE AMENDED COMPLAINT

As and for an eight separate and affirmative defense to the Complaint and each of its purported causes of action, KDME alleges that KDME never owned, maintained, leased, rented or otherwise controlled the Wave Rider and as such this court does not have jurisdiction over KDME. Furthermore, KDME never gave permission, including express or implied permission, to defendant JUSTIN PAUL THOMPSON to operate the Wave Rider at the time of the incident.

### NINTH AFFIRMATIVE DEFENSE TO THE AMENDED COMPLAINT

As and for a ninth and separate and affirmative defense to the Complaint and each of its purported causes of action, KDME alleges that if they are shown to have an ownership interest in the water craft at issue that their liability, if any, is limited to the value of the vessel. This affirmative defense is more commonly known as the "limitation of liability act."

### TENTH AFFIRMATIVE DEFENSE TO THE AMENDED COMPLAINT

As and for a tenth, separate and affirmative defense to the Complaint and each of its purported causes of action, KDME alleges they if plaintiff sustained damages as a result of the matters alleged in the Complaint, then said damages were caused in whole or in part by his own negligence and fault and were not caused or contributed to in any manner by any negligence or fault of KDME, its officers, vessels, agents, crew, servants, employees or others for whom it is responsible, nor by the unseaworthiness of any vessel.

### ELEVENTH AFFIRMATIVE DEFENSE TO THE AMENDED COMPLAINT

As and for an eleventh, separate and affirmative defense to the Complaint and each of its purported causes of action, KDME alleges that the Complaint fails to state facts sufficient to constitute a successor corporate liability cause of action against KDME.

### TWELFTH AFFIRMATIVE DEFENSE TO THE AMENDED COMPLAINT

As and for a TWELFTH, separate and affirmative defense to the Complaint and each of its purported causes of action, KDME alleges all of the risks and dangers involved in the undertaking which plaintiff was engaged in at the times and places alleged were well known to, understood and appreciated by said plaintiff, who knowingly undertook and assumed all risks involved in such undertaking.

### THIRTEENTH AFFIRMATIVE DEFENSE TO THE AMENDED COMPLAINT

As and for a thirteenth separate and affirmative defense to the Complaint and each of its purported causes of action, KDME alleges that after a reasonable inquiry into the facts of this incident it can be determined with reasonable certainty that there is no jurisdiction over KDME because they never owned, possessed, controlled, rented, leased, or maintained the Wave Rider. KDME will request all appropriate relief pursuant to Federal Rules of Civil Procedure, Rule 11 and any other relief as allowed by law upon the dismissal of KDME from this case.

WHEREFORE, having fully answered plaintiff's unverified Complaint, KDME prays for the following relief:

a. That the Court dismiss plaintiff's unverified Complaint in its entirety with prejudice as to KDME.

b. That the Court award KDME all legally recoverable costs and attorney's fees as requested;

c. That the Court award KDME such further relief as the Court deems just and proper.

Respectfully submitted,

Dated: March 28, 2008

/s/Thomas F. Feerick
Attorney for Defendant
KDME, INC.
Feericklaw@aol.com