UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEN GILES,<br><br>            Plaintiff,<br><br>v.<br><br>JUSTIN PAUL THOMPSON, *et al.*,<br><br>            Defendants. | Civil No. 08cv439-L(RBB)<br><br>**ORDER DENYING CROSS-MOTIONS FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE FOR SUMMARY ADJUDICATION** |

       In this personal injury action Plaintiff and Defendant KDME, Inc. ("KDME") filed cross-motions for summary judgment, or in the alternative for summary adjudication. The action arises out of a collision of two jet skis on Fiesta Bay, one operated by Plaintiff and the other by Defendant Justin Paul Thompson. Plaintiff claims that KDME owned the jet ski which was operated by Mr. Thompson at the time of the accident ("Wave Rider"). KDME moved for a judgment in its favor, arguing that it was not the Wave Rider's owner. In the alternative, it moved for summary adjudication of its defense that liability is limited under the Limitation of Vessel Owner's Liability Act, 46 U.S.C. § 30501 *et seq.*, to the vessel's value. Plaintiff cross-moved for summary adjudication that KDME was the owner and opposed KDME's alternative motion on the grounds that KDME failed to comply with the procedural requirements for the limitation of liability defense and that the defense does not apply in this case because KDME was negligent in the way the Wave Rider came into Mr. Thompson's possession.

Federal Rule of Civil Procedure 56 empowers the court to enter summary judgment on factually unsupported claims or defenses, and thereby "secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 327 (1986). "If summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue." Fed. R. Civ. P. 56(d)(1).

Summary judgment or adjudication of issues is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material when it affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" of material fact arises if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The burden on the party moving for summary judgment depends on who bears the burden of proof at trial. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *See C.A.R. Transp. Brokerage Co., Inc. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). When the moving party would not bear the burden at trial, then he or she can meet its burden on summary judgment by pointing out the absence of evidence with respect to any one element of the claim. *See Celotex*, 477 U.S. at 325.

If the movant meets its burden, the burden shifts to the nonmovant to show summary adjudication is not appropriate. *Celotex*, 477 U.S. at 317, 324. The nonmovant does not meet this burden by showing "some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmovant must go beyond the pleadings to designate specific facts showing there are genuine factual issues which "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

When ruling on a summary judgment motion, the nonmovant's evidence is to be believed, and all justifiable inferences are to be drawn in its favor. *Anderson*, 477 U.S. at 255. Determinations regarding credibility, the weighing of evidence, and the drawing of legitimate inferences are jury functions, and are not appropriate for resolution by the court on a summary judgment motion. *Id.* Only admissible evidence may be considered in deciding a motion for summary judgment. *See* Fed. R. Civ. P. 56(e).

The mere fact the parties filed cross-motions "does not necessarily mean there are no disputed issues of material fact and does not necessarily permit the judge to render judgment in favor of one side or the other." *Starsky v. Williams*, 512 F.2d 109, 112 (9th Cir. 1975). "[E]ach motion must be considered on its own merits." *Fair Hous. Council of Riverside County, Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001). Furthermore, the court must consider evidence submitted in support of and in opposition to both motions before ruling on either one. *Id.*

The parties agree that the owner of a vessel is liable for injury to a person resulting from the wrongful operation of the vessel by a person using it with the owner's express or implied consent. (KDME Mem. of P.&A. at 6; Pl.'s Combined Mem. of P.&A. & Opp'n at 5 (both citing Cal. Harbor & Nav. Code § 661).) Accordingly, ownership is a material issue in Plaintiff's case. *See Anderson*, 477 U.S. at 248.

The parties also agree that the ownership of a vessel is determined by the ownership listed in the California Department of Motor Vehicle ("DMV") records.[1] (KDME Mem. of P.&A. at 6; Pl.'s Combined Mem. of P.&A. & Opp'n at 5 (both citing *Laureano v. Christensen*, 18 Cal. App. 3d 515, 519 (1971).) The DMV records show that the owner since December 13, 2000 has been Water Toys, Inc. (Decl. of Thomas F. Feerick, Ex. 1.)

KDME does not dispute that the owner of the Wave Rider is Water Toys, Inc., but maintains that KDME is not Water Toys, Inc. In April 2004 KDME purchased the inventory and business name "Water Toys" from Themans Enterprises, LLC ("Themans"). (Aff. of Andy

---

[1] For this reason, the court finds irrelevant Mr. Thompson's affidavit that the owner was his friend Randy. (Aff. of Justin Paul Thompson at 1.)

Kurtz ("Kurtz Aff.") at 2.) Themans used "Water Toys" as a dba. (*Id.* Ex. 1.) KDME contends than neither Themans nor KDME was Water Toys, Inc.

KDME further maintains that it did not acquire a Yamaha Wave Rider from Themans and that it never owned a Yamaha Wave Rider model personal water craft. (Kurtz Aff. at 2.) Included in the inventory purchased from Themans were several personal water craft, including one 1995 Yamaha personal water craft with vessel number CF6529NU. (*Id.* Ex. 2.) On the other hand, the vessel number of the 1995 Yamaha personal water craft operated by Mr. Thompson at the time of the accident was CF9386NY. (Aff. of Justin Paul Thompson, Ex. 1 ("Vessel Accident Report") at 1.)

Plaintiff argues that KDME's evidence is contradicted by the documents pertaining to the April 2004 sale and the County Recorder's records regarding the Water Toys dba designation, and that KDME's counsel admitted that Water Toys. Inc. was a party to the sale transaction.

The court disagrees that the sale documents contradict Mr. Kurtz' affidavit. (*See* Decl. of Thomas E. Friedberg ("Friedberg Decl.") Ex. 1-4.) Contrary to Plaintiff's suggestion, the documents reference "Water Toys" as a dba only and do not reference Water Toys, Inc. Although the documents show that 1995 Yamaha personal water craft were included in the inventory, none of the models was a Wave Rider. (*Cf. id.* Ex. 4 (referencing 1995 Wave Raider and 1995 Wave Runner 3) & Vessel Accident Report at 1 (referencing a Wave Rider).)

The court also disagrees that the County Recorder's records contradict KDME's evidence. Consistent with it and with the sale documents, they show that on April 12, 2004 KDME recorded Water Toys as its fictitious business name. (Pl.'s Req. for Judicial Notice Ex. 2 & 3.) Although the records also show that Water Toys, Inc. owned the Water Toys business name pursuant to a registration which expired on July 1, 2004 (*id.* Ex. 4), this is not inconsistent with the contention that KDME is not Water Toys, Inc.

Unlike the foregoing Plaintiff's evidence, which by itself is insufficient to warrant summary adjudication of KDME's ownership in Plaintiff's favor, Plaintiff also offers an admission made by KDME's counsel. In a letter to Plaintiff's counsel, KDME's counsel stated, "The police report indicates that the Wave Runner [*sic*] was privately owned by Water Toys,

Inc. You may have done some business search and discovered that KDME, Inc., on April 12, 2004 purchased some of the assets of Water Toys, Inc."[2] (Friedberg Decl. at 3.) Plaintiff argues that this statement is admissible pursuant to Federal Rule of Evidence 801(d)(2) as an admission by party opponent.

KDME contends that an attorney, merely by reason of his employment in connection with a litigation, has no power to affect his or her client by admissions of fact made out of court and not given for the purpose of being used as proof. (KDME Combined Reply & Opp'n at 2-3.) The sole citation provided does not support this argument. (*See id*. citing *Graffam v. Burgess*, 117 U.S. 180 (1886).) A counsel's statements out of court "ought not to be used against [the client] except when made by him in the course of his business as [the client's] attorney." *Graffam*, 117 U.S. at 187-88; *see also* Michael H. Graham, Fed. Practice & Procedure, Fed. R. of Evid. § 2073 ("An attorney may, of course, act as an ordinary agent and as such make evidentiary admissions admissible against his principal. Rule 801(d)(2)(C) and (D). In addition, an attorney has authority in general to make judicial admissions for the client in all matters relating to the progress and trial of an action.") (footnotes omitted). The letter KDME's counsel wrote to Plaintiff's counsel was in the course of representing KDME in this action, therefore, the counsel's factual representations may be used against his client. KDME did not present any other evidentiary objections to the admissibility of the counsel's statement.

KDME next argues that the counsel's statement should be disregarded because it is obviously erroneous and contradicted by the documentary evidence in this case. The assertion that the statement was erroneous, however, is not contained in an affidavit and is therefore insufficient to oppose a properly presented summary judgment motion. *See* Fed. R. Civ. Proc. 56(c); *Anderson*, 477 U.S. at 250.

Based on the foregoing, there is a genuine issue of material fact whether KDME can be held liable as the owner of the Wave Rider involved in the accident. In this regard, the cross-

---

[2] In addition, Plaintiff relies on the fact that the same counsel filed an answer in this action on behalf of Water Toys, Inc. (Freedberg Decl. at 3.) However, the most that can be inferred from this is that the counsel representing KDME, Inc. also represented its co-Defendant Water Toys, Inc., which is not determinative of KDME's ownership of the Wave Rider.

motions are **DENIED**.

With respect to KDME's limitation of liability defense, the parties agree that the statute provides that a vessel owner's liability for injury by collision is limited to the value of the owner's interest in the vessel if the injury was incurred without the owner's privity or knowledge. (KDME Mem. of P.&A. at 7; Pl.'s Combined Mem. of P.&A. & Opp'n at 7-8 (both citing 46 U.S.C. App. § 183(a).) The parties also agree that the limitation of liability determination involves a two-part analysis. The court must first determine what acts of negligence or conditions of unseaworthiness caused the accident, and second whether the vessel's owner had knowledge or privity of the acts of negligence or conditions of unseaworthiness. (KDME Mem. of P.&A. at 8; Pl.'s Combined Mem. of P.&A. & Opp'n at 8 (both citing, among other authorities, *In re Hechinger*, 890 F.2d 202, 207 (9th Cir. 1989) & *N. Fishing & Trading Co. v. Grabowski*, 477 F.2d 1267, 1277 (9th Cir. 1973).)

KDME argues that, assuming for purposes of its summary judgment motion that it is the Wave Rider's owner and that the collision was caused by acts of negligence or conditions of unseaworthiness as contended by Plaintiff, KDME did not have any privity or knowledge of the acts of negligence or condition of unseaworthiness which caused the accident.

Plaintiff counters, among other things, that the defense is procedurally defective. For example, KDME did not deposit with the court the value of the Wave Rider. *See* 46 U.S.C. § 30511. KDME does not respond to any of Plaintiff's arguments regarding the defense, but instead addresses only the ownership issue. (*See* KDME Combined Reply & Opp'n.) Accordingly, KDME's alternative motion for summary adjudication of its limitation of liability defense is **DENIED**. "[I]t is not the task of courts to make cases for the parties . . .." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010).

/ / / / /
/ / / / /
/ / / / /
/ / / / /
/ / / / /

1  Based on the foregoing, the parties' cross-motions for summary judgment, or in the
2 alternative for summary adjudication of issues, are **DENIED**.
3  **IT IS SO ORDERED**.
4 DATED: August 2, 2010

   _____
   M. James Lorenz
   United States District Court Judge

COPY TO:

HON. RUBEN B. BROOKS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL